1
2
3
4
5
6
7

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: _10.18.12_

DEPUTY CLERK
w/ Pro Se Federal Habeas Packet
as directed (28 u.s.c. §2254)

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**OCT 18 2012**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Petitioner, <br><br> vs. <br><br> GLENN EDWARD MAYS, <br><br> Respondent. | Case No. CV 12-8747-GHK (JPR) <br><br> ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On October 12, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody.[1]  Petitioner's filing suffers from the following deficiencies:

1.   Petitioner did not use the approved Central District of California federal habeas form, as required by Local Rule 83-16.1.  The Clerk shall provide Petitioner with a copy of the Central District's pro se federal habeas packet at the time it

_____

[1]At one point in his filing, Petitioner references 42 U.S.C. § 1983, the civil rights statute.  Petitioner has labeled his pleading a "Request for a Federal Writ of Habeas Corpus," however, and the relief he seeks is a retrial of his underlying criminal case.  Thus, the Court construes the filing as a habeas petition pursuant to 28 U.S.C. § 2254, which Petitioner also references.

1

1  serves this Order on him.

2      2.    Petitioner's filing is captioned incorrectly.  If he

3  seeks to file a habeas corpus petition, he should list himself as

4  the Petitioner and the warden of the prison where he is housed as

5  the Respondent.  See R. 2(a) of the Rules Governing § 2254 Cases.

6  Petitioner appears to be housed at the state prison in Lancaster;

7  the warden there is Scott McEwen.

8      3.    The California Court of Appeal affirmed Petitioner's

9  robbery convictions and sentence on direct appeal on November 9,

10  2009.  The Court's review of the California Appellate Courts'

11  case information website indicates that Petitioner apparently has

12  never filed any challenge to that conviction and sentence in the

13  California Supreme Court – neither a petition for review nor a

14  habeas petition.  Under 28 U.S.C. § 2254(b), habeas relief may

15  not be granted unless a petitioner has exhausted the remedies

16  available in state court.  Exhaustion requires that Petitioner's

17  contentions were fairly presented to the state courts and

18  disposed of on the merits by the highest court of the state.  See

19  James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994).  As a matter of

20  comity, a federal court will not entertain a habeas corpus

21  petition unless the petitioner has exhausted the available state

22  judicial remedies on every ground presented in the petition.  See

23  Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L.

24  Ed. 2d 379 (1982).  Fully unexhausted petitions – those in which

25  none of the claims have ever been presented to the state supreme

26  court – must be dismissed.  See Rasberry v. Garcia, 448 F.3d

27  1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481

28  (9th Cir. 2001) (dismissing fully unexhausted petition raising

ineffective assistance of counsel and other claims); see also
Roberts v. McDonald, EDCV 10-873-AHM (FFM), 2010 WL 2539762, at
*3 n.2 (C.D. Cal. June 17, 2010) (same, following Rasberry).
Thus, if Petitioner has presented any of the claims in the
Petition to the California Supreme Court, any First Amended
Petition must make that clear.  If he has not yet presented his
claims to the California Supreme Court, Petitioner must do so
before filing a federal habeas petition.

* * *

     For the foregoing reasons, the Petition is dismissed with
leave to amend.  If Petitioner still desires to pursue this
action, he is ordered to file a First Amended Petition correcting
the deficiencies identified above on or before **November 16, 2012**.
The Amended Petition should reflect the same case number, be
clearly labeled "First Amended Petition," and be filled out
completely.  In paragraph 7 of the First Amended Petition,
Petitioner should specify **separately, concisely, and specifically**
each federal constitutional claim he seeks to raise and answer
all of the questions pertaining to each claim.  (If Petitioner
attaches a supporting memorandum of points and authorities, the
arguments therein should correspond to the claims listed in
paragraph 7 of the habeas petition form and not include any
additional claims.)  If Petitioner contends that he exhausted his
state remedies in a petition for review to the California Supreme
Court, he should list that filing in paragraph 4 of the habeas
petition form and provide all of the other called-for
information.  If Petitioner contends that he exhausted his state
remedies in a habeas petition to the California Supreme Court, he

1   should list that filing in paragraph 6 of the habeas petition

2   form and provide all of the other called-for information.  For

3   each filing listed in paragraph 6, Petitioner should be sure to

4   specify, in detail, all of the grounds raised by him in the

5   filing, along with the case number, date of decision, and result.

6   If Petitioner has copies of his California Supreme Court petition

7   and that court's order denying the petition, he should attach

8   them to the First Amended Petition as exhibits.

9        If Petitioner intends to pursue this action and yet has not

10  yet filed a petition for review or habeas petition in the

11  California Supreme Court, he should explain why not in question 8

12  of the form and explain why the petition is not time barred under

13  28 U.S.C. § 2244(d)(1), which generally requires that a habeas

14  petition be filed within one year of the judgment becoming final.

15  In Petitioner's case, it appears that the judgment became final

16  in early 2010 and the one-year limitation period expired in early

17  2011, absent statutory or equitable tolling or a later trigger

18  date under § 2244(d)(1)(B), (C), or (D).  Finally, Petitioner is

19  cautioned that his failure to timely file a First Amended

20  Petition in compliance with this Order will result in a

21  recommendation that this action be dismissed for failure to

22  prosecute and for the reasons stated above.

25  DATED:   October 18, 2012

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

4